**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>S.F. PARTNERS, a Limited Partnership, a California Limited Liability Company; FULLMER INVESTMENTS LLC, a California Limited Liability Company; ANNE S. MEYERS; and DOES 1-10,<br><br>Defendants. | Case No.: 19cv1299-MMA (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 12] |

Plaintiff Brian Whitaker ("Plaintiff") brings this disability discrimination action against the purported owner/operators of Lappert's Ice Cream in San Diego, California. *See* Doc. No. 7 (hereinafter "FAC"). Defendants S.F. Partners, a Limited Partnership ("S.F. Partners") and Fullmer Investments LLC ("Fullmer") (collectively, "Defendants") move to dismiss Plaintiff's claims based on the failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 12. Plaintiff filed an opposition, to which Defendants replied. *See* Doc. Nos. 15, 16. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 17. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

# BACKGROUND[1]

This action arises out of events related to Plaintiff's patronage of Lappert's Ice Cream, located at 12265 Scripps Poway Parkway, San Diego, California. Plaintiff is a quadriplegic who is substantially limited in his ability to walk and uses a wheelchair for mobility. FAC ¶ 1. In May 2019, Defendants S.F. Partners and Fullmer owned and currently own the real property at 12265 Scripps Poway Parkway, San Diego, California. *Id.* ¶¶ 2-3.

In May 2019, Plaintiff visited Lappert's Ice Cream to avail himself of the store's goods, motivated in part to determine if Defendants comply with the disability access laws. *Id.* ¶ 10. Plaintiff alleges that he encountered obstacles to accessing various facilities, privileges, and advantages offered by Defendants to patrons of Lappert's Ice Cream. *Id.* ¶¶ 12, 15, 21. Specifically, Plaintiff alleges that Defendants "failed to provide accessible dining tables." *Id.* ¶ 13. Plaintiff also contends that Defendants "failed to provide accessible door hardware at the entrance of Lappert's Ice Cream." *Id.* ¶ 16. Plaintiff claims that these inaccessible conditions denied him full and equal access and caused him difficulty and discomfort. *Id.* ¶¶ 19-20. Plaintiff further alleges that Defendants "fail[ed] to provide accessible hand sanitizers and napkins that are kept on a service counter." *Id.* ¶ 22. Plaintiff states that he is currently deterred from returning to Lappert's Ice Cream "because of his knowledge of the existing barriers" and his uncertainty about other existing barriers. *Id.* ¶ 25.

Based on these allegations, Plaintiff brings causes of action against Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the California Unruh Civil Rights Act, Cal. Civ. Code § 51-53. *See* FAC. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil

---

[1] Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in Plaintiff's FAC and must also construe the FAC, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Procedure 12(b)(6), arguing that Plaintiff fails to plead specific facts in support of his claims and fails to articulate recognizable barriers under the ADA.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where dismissal is appropriate, a court should grant leave to amend unless the

plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## **DISCUSSION**

Defendants first argue that Plaintiff fails to state a plausible claim for relief with respect to the dining tables and store entrance. *See* Doc. 12 at 7. Second, Defendants contend that the hand sanitizer and napkins are not barriers under the ADA because they are available only to employees. *See id.* at 9.

As the Supreme Court explained in *Ashcroft*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662. To state a plausible claim under Title III of the ADA, a plaintiff must allege that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."[2] *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). A violation of the ADA gives rise to a claim under California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f). The Court addresses Defendants' arguments in turn.

**1. Dining Tables and Store Entrance**

Plaintiff alleges that Defendants "failed to provide accessible dining tables" and "failed to provide accessible door hardware at the entrance of Lappert's Ice Cream." FAC ¶¶13, 16. Defendants argue that Plaintiff fails to state a plausible claim for relief under the ADA, claiming "Plaintiff has offered a conclusion as a fact[.]" Doc. 12 at 7.

In the Ninth Circuit, specific details regarding inaccessible features are not required to fulfill notice pleading standards for ADA claims. *See Skaff v. Meridien N. Am. Beverly Hills, LLC.*, 506 F.3d 832, 841-42 (9th Cir. 2007). In *Skaff*, the plaintiff fulfilled notice pleading standards by simply identifying features like the "guestroom,

---

[2] Defendants challenge the third element of Plaintiff's ADA claim.

bathroom, telephone, elevator, and signage" as "barriers to disabled access." *Id.* at 840. As the circuit court explained, the plaintiff's "allegations that he encountered the above barriers, though succinct, gave [Defendant] notice of what Skaffs' claims were and that he had personally encountered barriers and thus had standing to pursue their elimination." *Id.* at 840-41.

Here, Plaintiff avers that Defendants "failed to provide accessible dining tables" and "failed to provide accessible door hardware." FAC ¶¶ 13, 16. Plaintiff claims that the failure to provide accessible facilities "created difficulty and discomfort" for him. *Id.* ¶ 20. Moreover, Plaintiff contends that these barriers are easily removed without much difficulty or expense and there are "numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable." *Id.* ¶ 24. These allegations are sufficient given the broad pleading standard for ADA claims articulated in *Skaff*. *See Langer v. 6830 La Jolla Blvd., LLC*, No. 19-cv-1790-GPC-NLS, 2020 WL 353601, at *2 (S.D. Cal. Jan. 21, 2020) (finding that as a matter of law, it is sufficient for an ADA plaintiff to state that he encountered barriers to access and that he was deterred by accessibility barriers from visiting the restaurant to survive a motion to dismiss). Because Plaintiff has adequately pleaded his ADA claim, his Unruh Civil Rights Act claim based on the dining tables and store entrance survives as well. *See Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005) ("[P]ursuant to § 51(f), a violation of an individual's rights under the ADA 'shall also constitute a violation of [the Unruh Act].'"). Therefore, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claims with respect to the dining tables and store entrance barriers.

**2. Hand Sanitizer and Napkins**

Plaintiff further alleges that "hand sanitizers and napkins are facilities, privileges, and advantages offered by Defendants to patrons" and that "accessible hand sanitizers and napkins have not been provided." FAC ¶¶ 21, 34. Defendants, however, argue that "no customer has access to the sand [sic] sanitizers" and that "the hand sanitizer and

napkins are not facilities or services offered openly to customers and are accessible *only to employees*." *See* Doc. 12 at 8-9 (emphasis added).

To constitute a barrier, goods and services must be in an area accessible to the public. *Long v. Coast Resorts*, 267 F.3d 918, 924 (9th Cir. 2001) (reversing judgment for one of five alleged ADA barriers because it was not in an area open to the public). Here, Plaintiff claims that Defendants "fail to provide accessible hand sanitizers and napkins that are kept on a service counter." FAC ¶ 22. However, Defendants argue that the hand sanitizer and napkins are accessible only to employees. It is unclear to the Court whether the hand sanitizers and napkins on the service counter Plaintiff references are directly accessible to all customers, or only employees as Defendants assert. Notably, Plaintiff does not respond to this argument in his opposition brief. Accordingly, the Court finds that Plaintiff fails to sufficiently allege that the napkins and hand sanitizer are available to all patrons and **GRANTS** Defendants' motion to dismiss with respect to these barriers. Because Plaintiff may be able to allege sufficient additional facts with respect to the napkins and hand sanitizer, dismissal is without prejudice and with leave to amend.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Plaintiffs' ADA and Unruh Civil Rights Act claims survive with respect to the dining tables and store entrance. The Court dismisses Plaintiff's claims based on the hand sanitizer and napkins **without prejudice**. Plaintiff may file a Second Amended Complaint addressing the deficiencies identified herein on or before **February 27, 2020**.

**IT IS SO ORDERED.**

Dated: February 13, 2020

HON. MICHAEL M. ANELLO
United States District Judge